(82 App. Div. 29.)

### KRAFT v. GRIFFON COMPANY et al.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. CORPORATIONS—ILLEGAL ISSUE OF STOCK—FOREIGN CORPORATIONS—INJUNCTION.

Where the annual meeting of the stockholders of a foreign corporation is held in the state of its domicile, but its principal office is in the state of New York, and all the directors of the corporation reside there, and all the directors' meetings are held there, an illegal issue of stock by the corporation may be enjoined at the suit of a stockholder who is a resident of New York, unless the construction of the foreign statute, upon which the authority to issue the stock depends, is not free from reasonable doubt.

2. SAME—ILLEGAL ISSUE OF STOCK—STATUTE—INJUNCTION.

New Jersey Stock Corporation Law (P. L. 1896, p. 293) §§ 48, 49, declare that nothing but money shall be considered as payment of any part of the capital stock of any corporation, except where stock is issued in payment of property purchased by the corporation, and necessary for its benefit. *Held,* that the issue by the corporation of stock to be given as a bonus on the sale of the corporation's bonds for their par value is illegal, and will be restrained at the suit of a stockholder, notwithstanding the fact that the capital stock of the corporation is impaired, and that the par value of the bonds is all that the bonds, together with the stock as a bonus, are worth.

Appeal from Special Term, New York County.

Action by Rudolph Kraft against the Griffon Company and others. From a judgment dismissing the complaint, the plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

John Quinn, for appellant.
Arthur J. Baldwin, for respondents.

LAUGHLIN, J.   This is an action by a stockholder of the Griffon Company to enjoin a second issue of stock to be given as a bonus on the sale of company bonds for their par value.   The company was incorporated in New Jersey in the month of February, 1897, for the purpose of manufacturing and selling dress goods, but its plant is now near the city of Philadelphia.   Its principal office, however, is in the city of New York, where the plaintiff and all the directors of the corporation reside.   The annual meeting of the stockholders is held in New Jersey, as required by the charter; but all the meetings of the directors are held in New York.   In these circumstances an illegal issue of stock may be enjoined without infringing upon the rule that our courts should decline jurisdiction to decide questions relating strictly to the internal affairs and management of foreign corporations which are of local administration in the state of their incorporation, unless the construction of the statute upon which the authority to issue the stock depends is not free from reasonable doubt.   Hallenborg v. Greene, 66 App. Div. 590, 73 N. Y. Supp. 403; Gray v. Fuller, 17 App. Div. 29, 44 N. Y. Supp. 883.   The original capital stock was $25,000, one-half of which was issued to the plaintiff and the other half to the defendant Ernest F. Greff, Jr.   Down to the 1st day of July, 1900, there was a continuous and increasing impairment of the capital, and the company was seriously in need of funds.   At a meeting of the stockholders, held for that purpose on the 11th day of September, 1900, the capital stock was increased to $150,000, of which $50,000 was preferred.   This preferred stock was sold at par, but the common stock was not sold at all.   The company, being again pressed for funds, on the 26th of February, 1901, determined to issue certificates of indebtedness to the extent of $30,000; but only one-half the amount was sold.   On the 25th day of May, 1901, public accountants employed to investigate and make statement of the financial condition of the company reported that its then capital of $75,000 was impaired to the extent of $41,602.85.   The company being unable to make a further sale of the capital stock or otherwise raise necessary funds for paying current obligations and continuing the business, the board of directors, on the 20th day of August, 1901, adopted a resolution authorizing the issue of bonds to the extent of $75,000, with interest at 6 per cent., payable quarterly or semiannually, and authorizing the president and treasurer to issue, negotiate, and sell the same upon the best terms obtainable, and authorizing the issue and delivery of $75,000 capital stock to be offered and delivered as a bonus to the purchasers of the bonds to an extent not exceeding the par value of the bonds purchased.   One half of this issue of bonds and stock was tendered to the plaintiff, who declined the offer, and the other half to the defendant Ernest F. Greff, Jr., who accepted and paid par for the bonds to the extent of $37,000, and the bonds and an equal amount of stock were delivered to him.   The plaintiff then brought this action to enjoin the further issue of stock to be given as a bonus on the sale of bonds and to cancel the stock already issued as a bonus.

The appellant contends that the issue of stock to be delivered as a bonus to the purchasers of bonds of the corporation is unauthorized.

The questions presented upon the appeal depend upon the construction of section 48 of the stock corporation law of New Jersey, which provides as follows:

"Nothing but money shall be considered as payment of any part of the capital stock of any corporation organized under this act, except as hereinafter provided in case of the purchase of the property, and no loan of money shall be made to a stockholder or officer thereof; and if any such loan be made the officers who make it, or assent thereto, shall be jointly and severally liable, to the extent of such loan and interest, for all the debts of the corporation until the repayment of the sum so loaned." P. L. 1896, p. 293.

The exception referred to in this section is contained in section 49, and it relates exclusively to the issue of stock in payment for property purchased by the corporation, and necessary for its benefit, and provides that the stock so issued shall not exceed the value of the property to pay for which it is issued. It is conceded that these are the only provisions of New Jersey law applicable. Manifestly, neither the stock nor bonds are issued in payment for property purchased by the corporation within the exception contained in section 48. It will be observed that section 48 makes no distinction between the consideration for which the original stock may be issued and that for which an authorized increase of stock may be issued. No authoritative decision on the point is cited, and we find none. The trial court has found—and the finding is, we think, sustained by the evidence—that on account of the impairment of the capital the par value of the bonds is all that the bonds, together with the stock issued as a bonus, were worth, and that, therefore, the transaction is not inequitable as against existing stockholders. There is a dictum in Morrow v. Iron & Steel Co., 87 Tenn. 262, 10 S. W. 495, 3 L. R. A. 37, 10 Am. St. Rep. 658, to the effect that, where the original capital has become impaired, the corporation may issue new stock at its actual or market value, and section 306 of Morawetz on Corporations, to the same effect, is cited as authority for that proposition. The only point decided in that case, however, was that the original stock could not be issued for less than par, and it does not appear that there was any statute of the state under which the company was incorporated prohibiting the issue of stock for less than its face value. This dictum in the Morrow Case was approved in Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. Ed. 227, where it appears, however, that the subsequent issue of stock for less than par was authorized by all the stockholders; and in that case, apparently, there was no statutory prohibition against such action, and the complaint was by prior creditors, who could not be affected thereby. In Dickerman v. Northern Trust Company, 176 U. S. 181, 20 Sup. Ct. 311, 44 L. Ed. 423, it was held that bonds issued and stock given therewith as a bonus were valid in the hands of bona fide purchasers as against stockholders suing in the right of the corporation, but it was intimated that they might not be as against creditors. In Donald v. American Smelting & Refining Co., 62 N. J. Eq. 729, 48 Atl. 771, 1116, the issue of an increase of corporate stock in payment for property worth less than the par value of the stock was enjoined. See, also, Peck v. Elliott, 24 C. C. A. 425, 79 Fed. 10, 38 L. R. A. 616. By analogy the Donald

Case would seem to be an authority against the issue of stock as a bonus with the bonds, for there seems to be no reason for distinction between subsequent issue of stock for property worth less than its par value and the subsequent issue of stock with bonds for money. In Dummer v. Smedley, 110 Mich. 466, 68 N. W. 260, 38 L. R. A. 490, it was held that stock issued to a mortgagee as a bonus for moneys advanced was valid as to prior creditors, and also as to subsequent creditors, if issued in good faith, and for full market value. It is clear that the issue of this stock as a bonus with the bonds would not be binding upon subsequent creditors of the company, for the stockholders cannot thus enable the company to obtain credit upon the strength of its capital stock without paying into the treasury of the corporation the par value of their stock, or delivering to it property of equal value. See v. Heppenheimer, 55 N. J. Eq. 240, 36 Atl. 966; Boney v. Williams, 55 N. J. Eq. 691, 38 Atl. 189; Edgerton v. Electric Improvement Co., 50 N. J. Eq. 354, 24 Atl. 540; Rickerson Roller Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 302, 75 Fed. 554; Scovill v. Thayer, 105 U. S. 143, 153, 26 L. Ed. 968; Donald et al. v. Am. Smelting & Refining Co., supra; Dickerman v. Northern Trust Co., supra.

In Hebberd v. Southwestern Land & Cattle Co., 55 N. J. Eq. 31, 36 Atl. 127, it was stated that, where a corporation contracted with the purchaser of its bonds to issue bonus stock, "such a contract is binding upon the company and its shareholders," but that the purchaser of the stock could be compelled to pay the par value of the stock for the benefit of subsequent creditors. The effect of the decisions seems to be that neither before nor after consummation of a sale of bonds, with a delivery to the purchaser of the stock as a bonus, can the purchaser, at the instance of the corporation or of a stockholder, be compelled to pay into the treasury of the corporation the par value of the stock; and that an innocent bona fide holder of the stock for value and without notice probably would not be forced to contribute further even for the benefit of creditors. Subscriptions for capital stock, and the money or property paid therefor, constitute a trust fund for the benefit of creditors, who, in dealing with the corporation, have a right to assume that the stock has been issued for cash, or for property of equivalent value; and the persons to whom the stock was originally issued may, for the benefit of subsequent creditors, be compelled to restore the difference between the par value of the stock and the amount they paid therefor. This seems clear under the New Jersey statute and decisions. Such being the case, the issue of this stock at less than par will be a fraud upon creditors. We are asked to permit this fraud to be perpetrated merely because it is not inequitable as to existing stockholders, who, only, at the present time, are complaining. We are of opinion, however, that section 48 of the New Jersey stock corporation law, already quoted, should be given full force and effect according to its tenor. It in express terms prohibits the issue of any stock, except for its par value in cash, or the equivalent in property. Hence it appears to us that the issue made and the other issue contemplated is unauthorized, and therefore illegal  So far as the bonds have not been sold and

stock issued, there appears to be no difficulty in the way of affording injunctive relief. The case is somewhat different, however, with reference to the bonds and stock already issued. As to that two questions may arise: First, the right of the corporation—for this action is brought by a stockholder in its right—to rescind; and, second, whether the bonds and stock have 'reached the hands of an innocent purchaser for value, who may, in any event, be entitled to protection to the extent of the value paid therefor. If this, instead of being an executed contract, were an executory contract between the corporation and a purchaser for the sale and purchase of these bonds with the stock as a bonus, and the corporation refused to perform, we think it clear that the purchaser could not enforce performance; but, it being an executed contract, the corporation probably cannot rescind in any event without returning the moneys received by it, and we are not informed as to whether it is in a position to do that. Furthermore it appears that the defendant Ernest F. Greff, Jr., has sold the stock and bonds to the copartnership of Greff & Co., of which he is a member, although the stock still stands in his name on the books of the company, and the other members of the firm are not parties. It may be that, even if the corporation is not in a position to rescind as to the consummated transaction, in the interests of future creditors the court should enjoin the further transfer of the stock to prevent the same reaching the hands of bona fide purchasers without notice. These questions, however, should not be decided on this appeal.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.