(98 App. Div. 317)

## DUNN v. CANDEE.

(Supreme Court, Appellate Division, Second Department. November 23, 1904.)

1. BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—SALE OF STOCK—FRAUD—RESCISSION.

Plaintiff alleged that he was induced to purchase stock in a building association in December, 1900, through misrepresentations as to the association's assets and liabilities by the association and its agents, on which plaintiff relied; that in December, 1900, defendant was appointed receiver of the association in an action by the Attorney General for its dissolution on the ground of insolvency; that plaintiff sued to recover the amount paid for the stock within three months after learning

of the falsity of such representations; and that the assets were sufficient to pay all the creditors of the association. *Held*, that such complaint stated a cause of action, and was not demurrable for want of facts.

Appeal from Special Term, Kings County.

Action by John M. Dunn against Edward D. Candee, as receiver of the Anglo-American Savings & Loan Association of New York. From an interlocutory judgment overruling defendant's demurrer to the complaint, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Myer Nussbaum, for appellant.

William E. Kisselburgh (William C. Arnold, on the brief), for respondent.

HOOKER, J.   The complaint alleges that the defendant is the receiver of the Anglo-American Savings & Loan Association, which was organized under the laws of the state of New York, and conducted business as a national building and loan association; that in December, 1900, an action was brought by the Attorney General against the corporation for its dissolution on the ground of insolvency; that an order was made appointing a temporary receiver, and that thereafter the defendant, Candee, was appointed sole and permanent receiver, and is now such; that early in the year 1899, through printed statements and otherwise, the agents and representatives of the corporation made certain false misrepresentations to the plaintiff in relation to the condition, assets, liabilities, surplus, and holdings of the association, relying upon which, and in ignorance of their falsity, the plaintiff purchased and paid for 200 shares of the capital stock of the association; that the plaintiff did not learn of the falsity of such representations until the month of June, .1903, when he demanded of defendant as receiver that he return to the plaintiff the sum paid for the stock, and offered to return to him the stock, with all dividends plaintiff had received thereon, but the demand was refused.   These allegations in the complaint are followed by averments, the fair import of which, considered in the light most favorable to the plaintiff, is that at the time of the commencement of the action in September, 1903, three months after the alleged discovery of the falsity of the said representations, the defendant receiver had in his hands sufficient funds to pay all creditors of the association, and that the rights of no creditors would be impaired by the return to the plaintiff of the sum of money he invested in this stock. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; the demurrer was overruled, and the defendant has appealed to this court, urging upon us the argument of the court in Newton National Bank v. Newbegin, 74 Fed. 140, 20 C. C. A. 344, 33 L. R. A. 727:

"There are obvious reasons why a shareholder of a corporation should not be released from his subscription to its capital stock after the insolvency of the company, and particularly after a proceeding has been inaugurated to

liquidate its affairs, unless the case is one in which the stockholder has exercised due diligence, and in which no facts exist upon which corporate creditors can reasonably predicate an estoppel. When a corporation becomes bankrupt, the temptation to lay aside the garb of a shareholder on one pretense or another and to assume the role of a creditor is very strong, and all attempts of that kind should be viewed with suspicion."

We cannot assent to the proposition that such a doctrine is applicable to the questions of law presented by this demurrer. Nothing is disclosed which might or could have been considered as charging the plaintiff with negligence in allowing the time to elapse between his purchase and the discovery of the falsity of the representations made to him, even were such negligence fatal to his claim. He was concededly diligent in commencing his action after the discovery.

Nor can the following language of the court in Farrar v. Walker, 3 Dillon, 506, Fed. Cas. No. 4,679, control in the disposition of this case:

"But the business of these corporations is so managed in this country that justice requires at all events that, if one of its stockholders should make this paper and obligation secured by real estate which goes into the hands of the officers as so much assets of the corporation and is paraded before the public as an asset, and he stands up for two years and lets that note and obligation of his be counted every year to the public as so much cash which the company's creditors may look to to cover their losses, then it is too late—the lapse too long—to allow the fraud to be pleaded."

For, as far as is disclosed by this complaint, the rights of creditors who might have relied upon the validity of the plaintiff's purchase of stock are not involved, and the question resolves itself into one between the stockholders themselves. There is no reason, then, why this action should not be maintained. Surely it cannot be urged that it could not successfully have been instituted against the corporation had there been neither insolvency nor the appointment of a receiver. From the showing made in the complaint it would seem that, as far as the rights of outsiders were concerned, only that class of individuals can now be affected who would have felt it had the action been commenced before the appointment of a temporary receiver. That such an action against a corporation lies, has been established. Bosley v. National Machine Co., 123 N. Y. 550, 25 N. E. 990.

The judgment must therefore be affirmed, with costs. All concur.