LYELL AVE. LUMBER CO. et al. v. LIGHTHOUSE et al.

(Supreme Court, Appellate Division, Fourth Department. March 9, 1910.)

1. CORPORATIONS (§ 243*)—STOCKHOLDERS—LIABILITY—SUBSCRIPTION—CERTIFICATE OF INCORPORATION.

A subscriber to stock of a corporation thereafter to be formed, who, when the corporation is formed, regards himself as a stockholder, and holds himself out as such, and gives a proxy, under which he is repre-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sented at a meeting of the stockholders, cannot contend that he is not a stockholder, on the ground the certificate of incorporation was broader than the subscription.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 243.*]

2. CORPORATIONS (§ 243*)—SUBSCRIPTIONS TO STOCK—ORAL CONDITIONS.
    A subscriber to corporate stock, who has by his conduct held himself out as a stockholder of the corporation when formed, cannot defeat his liability by showing that his subscription was made on an oral condition, which had not been fulfilled.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 243.*]

3. CORPORATIONS (§ 28*)—CERTIFICATE OF INCORPORATION—SIGNATURES.
    A corporation is at least a de facto corporation when the incorporators fail to sign the certificate of incorporation at the end thereof, but do sign before the attestation clause and acknowledge the execution thereof, and the certificate of acknowledgment is attached to the certificate of incorporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 28.*]

4. CORPORATIONS (§ 254*)—STOCKHOLDER'S LIABILITY—EFFECT OF DISSOLUTION.
    That a corporation has been dissolved and a receiver appointed does not affect the right to enforce the stockholder's liability under Stock Corporation Law (Consol. Laws, c. 59) §§ 56, 59.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 254.*]

Appeal from Trial Term, Monroe County.

Action by the Lyell Ave. Lumber Company, in behalf of itself and other creditors, against John C. Lighthouse, impleaded with Joseph A. Wolford and others. From an interlocutory judgment for plaintiff, defendant Lighthouse appeals. Affirmed.

The plaintiff, a judgment creditor of the State Hotel Company, a domestic corporation, brings the action against the stockholders of the company under the provisions of the stock corporation law (now sections 56 and 59, c. 59, of the Consolidated Laws), making every stockholder, whose stock is not fully paid, personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him, for debts of the corporation contracted while such stock was held by him. The trial court found that Lighthouse, who alone defended, was a stockholder in the corporation and the owner and holder of 50 shares of capital stock, of the par value of $100 a share, as to the creditors of the corporation, and directed an interlocutory judgment against the stockholders, in favor of the plaintiff and all other creditors who shall come in and prove their debts, share in the expenses, and whose debts are payable within two years from the date they were contracted, and due within two years prior to the commencement of the action, and answer the other descriptions of the statute; for the appointment of a referee to take proof of the claims and solvency of the defendant stockholders, the amount unpaid by them, the expenses that will be incurred, and the amount to be paid to the several creditors by the stockholders, or such of them as shall be found solvent and within the jurisdiction of the court; and that, upon the coming in of the report, final judgment be entered fixing the several amounts for which the several defendants are liable, and the amount which such as are solvent and within the jurisdiction of the court shall in the first instance contribute, and the ultimate liability of each of such defendants, in case any contributions cannot be collected, and also fixing the proportion of said fund to which the several creditors of the Hotel Company are entitled, and other provisions incident to the primary relief, which need not be set forth here.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

S. D. Bentley, for appellant.

Nicholas J. Weldgen, for respondents.

KRUSE, J.   The principal question here is whether Lighthouse was a stockholder.   I think the evidence supports the finding that he was. While he did not sign the certificate incorporating the State Hotel Company, he subscribed a preliminary subscription paper to the effect that the subscribers would organize a corporation under the laws of this state, to be known as the State Hotel Company, to purchase certain real estate therein named, and thereafter conduct and carry on a hotel, the capital stock of which was to be $100,000, consisting of 100 shares, and the real estate to be put into the company at $5,500 by the present owners thereof, and paid-up stock issued to them therefor.   The real estate belonged to Lighthouse.   He conveyed it to some of his associates in the enterprise, who gave back a mortgage for $40,000, but paid nothing down.   It was expected the corporation would take over the property and pay for it.

The corporation has all the power, according to its certificate of incorporation, that was contemplated by the subscription paper, and more than that.   The objection now made on behalf of Lighthouse, that he is not a stockholder in the corporation because the certificate is more comprehensive in its terms, as regards the purpose and business of the corporation, than was contemplated by the subscription paper, I think is untenable.   While there is no direct evidence to show that he had personal knowledge of the contents of the certificate, he knew that a corporation had been formed.   He was the owner of the real property referred to in the subscription paper, and expected to be paid therefor from the proceeds of the sale of bonds of the corporation.   He made loans to the company for the purpose of improving the property for a hotel.   The lumber for which the judgment was obtained against the defendant, and which forms the basis of this suit, was used in improving the property.   He stated to the plaintiff's agent that he was a stockholder in the corporation, and that the plaintiff would be paid for the lumber.   He gave a proxy, and was represented by the holder thereof at a meeting of the stockholders of the company, which latter fact was expressly found by the trial court at the request of the defendant's attorney.   In short, the evidence shows he was interested in the enterprise from the beginning, took an active part in its management, and regarded himself as a stockholder in the corporation.

In this connection, however, it should be stated, and the trial court finds, that Lighthouse signed the subscription paper upon an oral condition, made at the time of signing, that the subscription should not be binding unless and until the company had $40,000 with which to pay the mortgage given to him.   The trial judge decided, however, that the oral condition was ineffectual to defeat the legal effect of his subscription; and I think he was right in so deciding.

The appellant also contends that no corporation was ever formed, because the incorporators did not sign the certificate at the end, and therefore he never became a stockholder.   The certificate was signed by the incorporators above the attestation clause, and they acknowledged the execution thereof, and the certificate of acknowledgment is

subjoined thereto. The filing of the certificate as required by law, and what was thereafter done by the incorporators, was at least sufficient to form a de facto corporation; and Lighthouse, having held himself out as a stockholder, acted as such, and taken part in the affairs of the corporation, cannot now question the legal existence of the corporation in that respect, or his liability as a stockholder, upon the ground that his written subscription was conditional. Phœnix Warehousing Co. v. Badger, 6 Hun, 293; Yonkers Gazette Co. v. Jones, 30 App. Div. 316, 51 N. Y. Supp. 973; Beals v. Buffalo Expanded Metal Construction Co., 49 App. Div. 589, 63 N. Y. Supp. 635.

Appellant further urges that the action is not maintainable by the plaintiff for the reason that the corporation has been dissolved, and a receiver appointed; that all the assets of the corporation are in custodia legis; that the receiver, if any one, should bring the action. It is only necessary to say that the liability here arises upon the statute itself, and that the question has been quite recently decided adversely to the appellant in this court. Ford v. Chase, 118 App. Div. 605, 103 N. Y. Supp. 30, affirmed 189 N. Y. 504, 81 N. E. 1164.

The other objections urged by the learned counsel for the appellant have been considered, but are insufficient, as I think, to justify a reversal of the judgment.

I think the case was correctly decided, and that the judgment should be affirmed, with costs. All concur.