(91 Misc. Rep. 261)

GEORGE IRISH PAPER CORPORATION et al. v. WHITE et al.

(Supreme Court, Special Term, Erie County. July 1, 1915.)

1. CORPORATIONS ⬥227—STOCK LIABILITY—ENFORCEMENT.
    Since a certificate of incorporation, when filed, becomes binding upon the subscribers, and their liability is fixed without the formal issuance of stock, that a subscriber agreed to take a less number of shares of stock than that mentioned in the certificate, with the understanding that the remainder of the shares were to be later transferred to other parties, constitutes no defense to an action to enforce the stockholders' liability for unpaid stock.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 875, 881, 882, 886, 892; Dec. Dig. ⬥227.]

2. CORPORATIONS ⬥262—STOCK LIABILITY—DEFENSES.
    One who has executed a certificate of incorporation of a business corporation cannot, after the corporation has incurred honest debts, say that he should not be held to his compact in a suit to enforce stock liability, because he had not paid 10 per cent. down on his stock, that he was not obligated to pay until the full amount of stock had been subscribed, or that the debts were not valid debts of the corporation, because all the capital specified in the certificate of the corporation was not paid in before the debts were incurred.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1076–1083, 2273; Dec. Dig. ⬥262.]

Action by the George Irish Paper Corporation, in behalf of itself and others, against Percival M. White and others, to enforce stockholders' liability. Judgment for plaintiffs.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Horton & Grandison, of Buffalo, for plaintiffs.
Irving W. Cole, of Buffalo, for defendant White.

TAYLOR, J.  This action is brought by a judgment creditor of the Dilley & Wall Company, Limited, a domestic corporation, in behalf of itself and others similarly situated, to enforce the personal liability of stockholders of said company to the amount of a portion of the sum unpaid upon stock held by them.  The action is authorized by section 56 of our Stock Corporation Law (Consol. Laws, c. 59).

The defendant White signed the certificate of incorporation as a subscriber for 63 shares of its capital stock, of the par value of $100 each, and paid thereon $500.  He was named as a director of the corporation, and never resigned that office.  The said certificate of incorporation was filed according to law.

This action is in proper form, for the plaintiff, the defendant White, and the judgment creditors, Henrichs Sons Company and Hubbs & Howe Company, are all entirely within the requirements of the applicable sections of the Stock Corporation Law.  The defendant White gives various reasons why he should not be held.  He claims:

(1) That he agreed to take only 5 shares, which he paid for; he having subscribed, as he claims, for 63 shares on the theory and understanding that all but 5 of them were to be later transferred to other parties.

(2) That since defendant White did not pay 10 per cent. down on the remaining 58 shares purchased he cannot be held liable thereon, because of section 53 of the Stock Corporation Law.

(3) That defendant White was not obligated to pay at all until the full amount of the capital stock had been subscribed, and that he never promised to pay for the 58 shares.

(4) That stockholders' liability cannot be enforced in this action because the debts covered by the complaint are not valid debts of the corporation, and therefore not enforceable against stockholders, for the reason that all the amount of capital, specified in the certificate of incorporation as the amount with which the corporation would begin business, was not paid in before the debts were incurred.

[1] First, as to defendant's claim No. 1.  Defendant White signed the certificate of incorporation, which is more than the defendant did in Lyell Co. v. Lighthouse, 137 App. Div. 422, 121 N. Y. Supp. 802. In that case a preliminary subscription paper only was signed.  And while defendant White, perhaps, did not hold himself out as a stockholder, as defendant did in the Lyell Case, still I think that in the case at bar, as the court says in the Lyell opinion, although the defendant claims the benefit of an oral condition accompanying his signing of the certificate, "the oral condition was ineffectual to defeat the legal effect of his subscription."  Creditors of such an organization would surely be deprived of the protection which I think the Legislature intended to give them when it enacted section 56 of the Stock Corporation Law, if a subscriber to a certificate of incorporation could thus easily escape the consequences following his voluntary act like this, whereby notice was given to all the world through the filing of the certificate that

creditors of the new corporation could rely on the responsibility of the defendant White to the amount of $6,800. And this is particularly true when the subscriber was a lawyer, and was at least intimately associated in business with the incorporator of the company, who was himself an attorney at law. As is stated in Stevens v. Episcopal, etc., Co., 140 App. Div. 582, 125 N. Y. Supp. 582:

"The certificate, of course, when filed, became binding on the subscribers, and their liability is fixed by their subscriptions without the formal issuance of stock to them."

This action was in part an action similar to the one at bar. The reasoning of Hiscock, J., in Flour City National Bank v. Shire, 88 App. Div. 401, 84 N. Y. Supp. 810, while not fully in point, applies to this situation. So, too, does that in the Kohlmetz Case, 16 App. Div. at pages 519, 520, 44 N. Y. Supp. at pages 1031, 1032, viz.:

"A person may become the owner of shares of stock of a corporation by subscription or by purchase. In the former case he becomes a member and takes all the rights as such by his subscription to the original stock. And no offer or delivery of a certificate is essential to his liability to pay the amount of the shares for which he has subscribed. * * * A certificate, however, is not necessary to make a subscriber to the stock of a corporation a stockholder, whether he becomes such before or after its organization. It is merely evidence of that relation."

To be sure, the action in the latter case was by a receiver; but the principle is no different from that involved here.

[2] The second, third, and fourth points made by defendant White, above indicated, hardly seem to require discussion. While some of them might be of avail, were other issues involved, like an action by the state, for example, to forfeit the charter of the corporation, it seems to me, as I have said before, that after this defendant, with others, had executed a certificate of incorporation of a business corporation, which certificate is duly filed, and after such business corporation had incurred honest debts, the defendant cannot, as to such creditors, be permitted to say that he should not be held to his compact for any such reasons as those given.

Judgment may be entered against the defendant White to the amount of the claims proved by the three above named judgment creditors.