BORDEN H. MILLS, as Trustee in Bankruptcy of THE PLAYTHINGS CORPORATION, Bankrupt, Appellant, *v.* FRANK A. MCNAMEE, Respondent.

*Corporations — unpaid stock subscriptions — action by trustee in bankruptcy to collect — failure to pay ten per cent of par value at time of purchase as defense.*

Appeal from an order of the Supreme Court, made at the Albany Special Term and entered in the Albany county clerk's office on the 27th day of May, 1920, which sustained a demurrer interposed to the complaint.

Order affirmed, with ten dollars costs and disbursements, with the usual leave to plead over on payment of costs. All concur, except Kiley, J., dissenting, with a memorandum, in which John M. Kellogg, P. J., concurs.

KILEY, J. (dissenting): In May, 1917, the Playthings Corporation was incorporated under the law of this State. The capital stock was $25 per share, par value. The defendant, respondent, was one of the incorporators and original subscribers to said stock; he paid for, owned and held 25 shares. In December, 1917, he made a contract, in writing, to purchase 217 additional shares of this stock, and paid thereon the sum of $500, leaving a balance due from him for said stock of $4,925. Respondent made no further payment on his contract. In November, 1918, the corporation was adjudged a bankrupt and the appellant was appointed trustee. Respondent refused to pay the balance due on his purchase of said 217 shares of stock, upon the ground that the $500 paid by him on the purchase price did not amount to the full ten per cent required by section 53 of the Stock Corporation Law. The respondent was a director of said corporation when such board of directors, though not present, voted the resolution in and by which the corporation was authorized to sell him this stock; he was present and voted for the by-laws of said corporation; he demurred to the complaint in the action brought by the trustee to collect the balance from him on his contract of purchase. The ground is stated above, viz., he had not paid quite ten per cent of the purchase price as required by section 53 of the Stock Corporation Law. The demurrer was sustained. The corporation can only speak through its board of directors, and at the time appellant signed the agreement of purchase for the 217 shares of the capital stock involved here he was a director of the corporation. If there was any omission of duty toward the corporation, in not collecting $542.50 instead of accepting the $500 as the first payment under his contract, he is guilty of that omission. Should section 53 of the Stock Corporation Law be used as a shield to protect him as against his own omission? The attitude of the courts toward this section is not unbending; this director's acts and relations with this corporation are such that they should be held to estop him from raising that defense successfully. The books are full of cases to that effect; among the most direct, and the only one I shall cite here, is *Jeffery* v. *Selwyn* (220 N. Y. 77). That case holds to the principle which should prevail here. It impresses me as controlling upon this appeal. I favor a reversal of the order sustaining the demurrer, with costs, with leave to defendant to answer. John M. Kellogg, P. J., concurs.