WALTER R. STONE, as Receiver of SYRACUSE HOTEL CORPORATION, Appellant, *v.* JOHN YOUNG, Respondent.

Fourth Department, September 17, 1924.

Corporations — stock subscription — action by receiver of corporation to recover balance on stock subscription — subscription agreement was for eight per cent cumulative preferred stock at par and provided for bonus of common stock without par value — agreement also provided for interest at six per cent from time of payment of installment until first quarter after commencement of business by corporation — certificates of stock were to be issued as payments were made — corporation had no assets except money received on subscriptions — provision as to interest does not violate Stock Corporation Law of 1909, § 28 (now Stock Corporation Law of 1923, § 58) or Penal Law, § 664 — stock with par value when issued for money must, under Stock Corporation Law of 1909, § 55 (now Stock Corporation Law of 1923, § 69), be issued only for consideration equal to par value in view of Stock Corporation Law of 1909, §§ 9, 19, 56 and 60 (now Stock Corporation Law of 1923, §§ 12, 70, 74 and 96) — executory stock subscription agreement for issuance of stock with par value for money at less than par value is unenforceable — said agreement was for preferred stock and common stock was gratuity — common stock without par value cannot be issued without consideration under Stock Corporation Law of 1909, §§ 19 and 55 (now Stock Corporation Law of 1923, §§ 12 and 69) — corporation owned no common stock — invalidity as to common stock affects whole agreement — complaint does not allege any fraud or other facts tending to estop defendant from interposing defense.

A provision in a stock subscription agreement for eight per cent cumulative preferred stock that interest at the rate of six per cent on the preferred stock is to accrue from the date of each installment payment until the beginning of the first quarter after the commencement of business by the corporation after which date the dividend will be eight per cent, does not violate the provisions of section 28 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, § 58) or the provisions of section 664 of the Penal Law, in that it provides for a return upon the investment in the stock in conflict with the provisions of those sections which limit the fund from which dividends can be paid to the surplus profits arising from the business of the corporation, for the provision in the agreement merely relates to the accrual of interest and is silent as to the time for its payment and it will be construed, in order that it may be held to be valid, to mean that while interest is to be calculated from the dates of payment, it is to be paid, however, only out of the surplus profits when earned.

Stock with par value could not be issued for money under section 55 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, § 69), except for a consideration equal to the par value of the stock, in view of the general policy of the law and particularly of sections 9, 19, 56 and 60 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, §§ 12, 70, 74 and 96), though said section 55 did not specifically limit the power of the corporation in that respect.

Therefore, an executory stock subscription agreement for the issuance of stock with par value for money for less than the par value thereof is unenforceable.

A stock subscription agreement which provides that the corporation will give as a bonus one share of common stock without par value for every two shares of preferred stock paid for by the subscriber, violates the Stock Corporation Law of 1909, section 19, as amended by Laws of 1921, chapter 694, and section 55 (now Stock Corporation Law of 1923, §§ 12 and 69), where it appears that the only assets which the corporation had were moneys received from stock subscriptions, and that it did not own any of its own common stock.

In this action which was brought by a receiver of a corporation to recover the balance due on a stock subscription agreement for two hundred shares of the eight per cent cumulative preferred stock of a corporation, which agreement contained a provision that the subscriber would receive one share of common stock without par value for every two shares of preferred stock for which he paid, the provision as to the common stock was illegal and affected the entire instrument and made it unenforcible unless there were some equitable grounds estopping the subscriber from interposing the defense.

The defense that the subscription is in violation of the Stock Corporation Law may be urged by the subscriber in this action brought by the receiver of the corporation and will be successful unless it appears that the defendant is estopped by conduct on his part making it inequitable to interpose the defense of illegality.

The complaint was properly dismissed, since it contained no allegations that the subscription was in fraud of creditors or that the creditors relied upon the subscription or that the conduct of the defendant was such as to make it inequitable for him to interpose the defense of illegality founded upon the statute, but the plaintiff should be granted permission to serve an amended complaint.

APPEAL by the plaintiff, Walter R. Stone, as receiver, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 7th day of May, 1924, pursuant to an order, made at the Onondaga Special Term and entered in said clerk's office on the 6th day of May, 1924, dismissing the complaint for failure to state facts sufficient to constitute a cause of action.

(See 123 Misc. Rep. 120.)

*S. F. Hancock,* for the appellant.

*Frank E. Young,* for the respondent.

SEARS, J.:

The defendant, during the month of December, 1921, subscribed in writing for 200 shares of the eight per cent cumulative, non-assessable preferred stock of the Syracuse Hotel Corporation of the par value of $100 each, with which, according to the subscription agreement, he was to receive a bonus at the rate of one share of the common stock without par value with each two shares of preferred. The subscription agreement provided that the payment of the subscription price should be made in installments upon fixed dates and that the certificates for the shares purchased were not to be delivered to the subscriber except in proportion to the

payments as specified. It also contained the following paragraph: " Interest at the rate of 6% on Preferred Stock to accrue, respectively, from the date of each installment payment until the beginning of the first quarter after date of opening of the Hotel, after which date the dividend will be 8% on such preferred stock."

In an action in the United States District Court, the plaintiff has been appointed receiver of the Syracuse Hotel Corporation and that court has ordered and adjudged, among other things, that it is necessary for the protection of creditors of the Syracuse Hotel Corporation and for the payment of its debts, obligations and liabilities that all moneys due and owing and which should become due and owing upon subscriptions for the stock of such corporation be forthwith paid to the receiver and the receiver has been further authorized to make a call and demand upon all persons owing moneys because of subscriptions to the stock to pay to him as such receiver forthwith all sums due and owing respectively by them because of such subscriptions and in the case of installments not then due to make a call and demand for payment of such installments when and as they became due and payable and to take any necessary action and institute such suits as the receiver might be advised for the purpose of enforcing payment of the sums ordered to be paid.

The defendant has paid $13,000 of the agreed subscription price of $20,000, and this suit is brought to recover the balance with interest.

The foregoing are the main allegations in the complaint. The defendant by motion for judgment has challenged the sufficiency of the complaint on the ground that the subscription agreement is invalid:

1. Because it provides for a return upon the investment in the stock, to wit, a dividend, in conflict with the provisions of the law which limits the fund from which dividends can be paid to the surplus profits arising from the business of the corporation (Stock Corp. Law of 1909 [Consol. Laws, chap. 59; Laws of 1909, chap. 61], § 28; Penal Law, § 664),* and,

2. Because the contract provides for a distribution of common stock without the receipt of any value therefor (Stock Corp. Law of 1909, § 55; Id. § 19, added by Laws of 1912, chap. 351, as amd. by Laws of 1921, chap. 694).

The parties entered into a stipulation for use upon the motion

---

* See Laws of 1924, chap. 221, since amdg. Penal Law, § 664.— [REP

to the effect that the Syracuse Hotel Corporation at the time of the execution and delivery by the defendant of the stock subscription in question had not yet engaged in business and had no assets, property or income other than the cash received from the sale of stock.

The difficulty as to the first mentioned claim of invalidity is one of interpretation. Did the paragraph quoted by its terms impose upon the corporation the fixed obligation of paying dividends upon the stock purchased whether profits were earned or not? The arrangement cannot be supported as a loan to the corporation until such time as stock should be issued. Such an interpretation might render the subscription unenforceable under section 53 of the Stock Corporation Law of 1909.* It runs counter also to the evident intention of the instrument as stock certificates were agreed to be issued proportionately to payments made. But, though the contract provides for interest on the investment to be computed on the purchase price paid from dates of payment, it is to be noted that the language merely relates to the accrual of interest and is silent as to the time for its payment. A well-recognized canon of construction requires an ambiguous instrument to be interpreted so as to render it valid when another interpretation would have a contrary effect. (*Richards* v. *Wiener Co.*, 207 N. Y. 59.) Applying this principle to the subscription agreement under the facts alleged in the complaint, we construe the provision to mean that interest is to be calculated from the dates of payment for the stock, to be paid, however, only out of the surplus profits when earned. In this way " interest dividends " would be cumulative in the same way as the ordinary dividends. (*Lockhart* v. *Van Alstyne*, 31 Mich. 76; *Rutland & B. R. R. Co.* v. *Thrall*, 35 Vt. 536; *Richardson* v. *Vermont & M. R. R. Co.*, 44 id. 613; *Waterman* v. *Troy & Greenfield R. R. Co.*, 8 Gray, 433; *Miller* v. *Ratterman*, 47 Ohio St. 141.) We, therefore, find no invalidity in this provision.

The other claim of invalidity includes two propositions: *First*, that the preferred shares could not be subscribed for in money at less than the full par value of the shares, and, *second*, that the company could not lawfully distribute gratuitously its common stock even if it was without par value.

The first of these two propositions rests on the provision of the statute, " No corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation." (Stock Corp. Law of

---

* Requirement for cash payment of ten per centum upon amount subscribed was repealed by Laws of 1924, chap. 441, amdg. Stock Corp. Law of 1923, § 67. See Laws of 1923, chap. 787, §§ 5, 6. — [REP.

1909, § 55.)   It is true that the statute at the time of the execution of the subscription in question did not contain an express prohibition against the issuance of shares of stock with par value for money at less than the par value such as was contained in the statute from 1892 to 1901 (Stock Corp. Law of 1892 [Gen. Laws, chap. 36; Laws of 1892, chap. 688], § 42, and Laws of 1901, chap. 354) and as is contained in the present Stock Corporation Law (Consol. Laws, chap. 59 [Laws of 1923, chap. 787], § 69).   But in the statute as a whole, particularly in sections 9, 19, 55, 56 and 60 of the Stock Corporation Law of 1909, the requirement is clearly implied that stock with par value when issued for money shall be issued only for a consideration at least equal to the par value.   In *Gamble* v. *Queens County Water Co.* (123 N. Y. 91) such a requirement was held to be implied in a statute very similar to the one under which this corporation was organized.   In *Trent Import Co.* v. *Wheelwright* (118 Md. 249) the Court of Appeals of Maryland construed the antecedent of the very statute of New York under which the Syracuse Hotel Corporation was organized as forbidding an issue of stock with par value for less than the equivalent of such value. Section 42 of the Stock Corporation Law of 1890 (Gen. Laws, chap. 36; Laws of 1890, chap. 564), as amended by chapter 688 of the Laws of 1892, contained these words:   " No such stock shall be issued for less than its par value."   When this act was amended in 1901 (Laws of 1901, chap. 354) this sentence was omitted.   In our opinion, however, the Legislature by omitting these words did not intend to change the policy of the State in this respect. At the time of the adoption of the amendment with the words omitted, the following provision was added: " Any corporation may purchase any property authorized by its certificate of incorporation, or necessary for the use and lawful purposes of such corporation, and may issue stock to the amount of the value thereof in payment therefor, and the stock so issued shall be full paid stock and not liable to any further call, neither shall the holder thereof be liable for any further payment under any of the provisions of this act; and in the absence of fraud in the transaction the judgment of the directors as to the value of the property purchased shall be conclusive."   This sentence liberalized the law with relation to the issuance of stock for property by making the value of the property as determined by the directors in good faith and not the actual value of the property the test in respect to full payment.   The provision contained in the quoted words is inconsistent with that which was omitted so far as that provision related to stock issued for property, and probably the omission occurred on that account.   The statute was re-enacted in section 55 of the

Stock Corporation Law of 1909. Some light is shed upon the legislative purpose by the enactment of 1923 (Laws of 1923, chap. 787, § 69), where the section was again amended by inserting the words: " No shares of stock having par value shall be issued for money in an amount less than the par value of such shares." Stock issued for property may in fact, though not intentionally, be " watered." Stock issued for cash must be full paid to the par value. It is for this reason that the statute requires in the same section that " in all statements and reports of the corporation, by law required to be published or filed, this stock [issued for property] shall not be stated or reported as being issued for cash paid to the corporation, but shall be reported as issued for property purchased." Unless the Legislature intended that the corporation should receive the par value of all stock having a par value, the purpose of having a par value at all disappears. (*Knowlton* v. *Congress & Empire Spring Co.*, 57 N. Y. 518; 36 Harv. L. Rev. 509–547; 14 C. J. 444n.) *Christensen* v. *Eno* (106 N. Y. 97) and *Southworth* v. *Morgan* (205 id. 293) determined that stock of a foreign corporation actually issued, either gratuitously or for a money consideration less than the par value of the shares, will, in an action by a creditor, founded solely on the common law, be treated as fully paid so that the holder of such shares will not be liable to the creditor for the difference between the par value and the amount the corporation received as consideration. These cases repudiate the " trust fund theory " recognized in some jurisdictions. They relate to executed contracts only, are based on the common law, and bear no relation to the question of the enforcibility under our statutes of an executory contract embodying the issuance of intentionally " watered " stock.

If, as we think, the statute forbade the issuance of stock with par value for a money consideration less than par, an agreement in conflict therewith, while executory, is unenforceable. (*Kraft* v. *Griffon Co.*, 82 App. Div. 29; *Zelaya Mining Co.* v. *Meyer*, 8 N. Y. Supp. 487; *General Electric Co.* v. *Wightman*, 3 App. Div. 118; 14 C. J. 448; *Village of Fort Edward* v. *Fish*, 156 N. Y. 363.) The subscription agreement set forth in the complaint is executory so far as it concerns the balance unpaid. (*Oregon R. Co.* v. *Oregonian R. Co.*, 130 U. S. 1.) We reach the conclusion then that the sum which the defendant agreed to pay was a consideration solely for the preferred stock and that the common stock was to be distributed literally as a bonus or gratuity. Although this common stock is without par value, the very section of the statute which authorizes the issuance of such stock (Stock Corp. Law of 1909, § 19, added by Laws of 1912, chap. 351, as amd. by Laws

of 1921, chap. 694) also determines the consideration which must be paid for it upon its issuance by providing that the corporation may issue and sell such shares " for such consideration as may be prescribed in the certificate of incorporation, or for such consideration as shall be the fair market value of such shares." Here is no warrant for the gratuitous distribution. In fact, an original distribution without consideration is in direct conflict with section 55 of the Stock Corporation Law of 1909 as it then existed.

In view of the stipulation that the corporation at the time of the execution of the subscription agreement had no assets, property or income other than cash received from the sale of stock, it is evident that the corporation owned no already issued common stock which might possibly be distributed as a bonus. The case differs in this respect from *Skillin* v. *Magnus* (162 Fed. Rep. 689).

The invalidity which has been pointed out goes to the very essence of the agreement and affects the entire instrument. (*Foley* v. *Speir*, 100 N. Y. 552; *Trent Import Co.* v. *Wheelwright, supra.*)

The further question remains as to whether the objection that the subscription is in violation of the statute may be urged by the subscriber in an action brought by a receiver. The receiver derives his title from the corporation but also represents the creditors. Usually he stands in the same position as the corporation and the defenses which are valid against the corporation are valid against him. But there is a recognized exception which permits a receiver of an insolvent individual or corporation in the interests of creditors to disaffirm dealings of the debtor in fraud of their rights. (*Pittsburg Carbon Co.* v. *McMillin*, 119 N. Y. 46; *Curtis* v. *Leavitt*, 15 id. 9, 108; *United States Vinegar Co.* v. *Foehrenbach*, 148 id. 58; *Marion Trust Co.* v. *Blish*, 170 Ind. 686; 18 L. R. A. [N. S.] 347 and note.) No precedent in this State has been cited to us, and we have found none, where the exception has been extended to such a case as this. A subscriber to stock or a stockholder who has made such subscription or acquired his stock relying on fraudulent representations on the part of agents of the corporation may even against a receiver of the corporation assert the fraud and obtain relief based thereon provided he acts promptly after discovering the fraud. (*Dunn* v. *Candee*, 98 App. Div. 317; *Newton Nat. Bank* v. *Newbegin*, 74 Fed. Rep. 135; 33 L. R. A. 727; *Gress* v. *Knight*, 135 Ga. 60; 31 L. R. A. [N. S.] 900 and note.) However, in *Jeffery* v. *Selwyn* (220 N. Y. 77), an action brought by a trustee in bankruptcy, a subscriber was held responsible upon his subscription although ten per centum of the amount subscribed had not been paid by him in cash at the time of subscribing, as required by statute (Stock Corp. Law of 1909, § 53) where the

subscriber had accepted the certificate for his stock, had served as a director and vice-president of the corporation, had received dividends and sold his stock. " A sound public policy and the plain rules of good faith " dictated, it was said, that the subscriber in such case should not escape liability because the statute had not been complied with. *Ruggles* v. *Brock* (6 Hun, 164) and *Irish Paper Corp.* v. *White* (91 Misc. Rep. 261) are to similar effect.

In *Mills* v. *McNamee* (111 Misc. Rep. 253; affd., 194 App. Div. 932; affd., 233 N. Y. 517) the defendant had subscribed for stock of a domestic corporation at par but had paid to the corporation slightly less than ten per cent of the amount subscribed. In an action brought by the trustee in bankruptcy of the corporation to collect the balance of the subscription price the court held, and the Court of Appeals has affirmed the holding, that the subscription was unenforceable even where action on it was brought by the trustee in bankruptcy because of the defendant's failure to make the ten per cent payment at the time of subscribing as required by section 53 of the Stock Corporation Law of 1909 as it then existed.

In the complaint in the present action we find no facts to bring the case within the scope of the principles applied in *Jeffery* v. *Selwyn* (*supra*) and similar cases. The subscription is not shown to be in fraud of creditors. Reliance by creditors upon the defendant's subscription is not alleged, nor is any conduct of defendant set out making it inequitable to interpose the defense of illegality founded on the statute. The case on the pleadings before us is similar in this respect to the case of *Mills* v. *McNamee* (*supra*).

The judgment should be modified by granting the plaintiff permission to serve an amended complaint within twenty days, and as so amended affirmed, with costs.

CLARK, DAVIS and CROUCH, JJ., concur; HUBBS, P. J., not sitting.

Judgment modified by granting plaintiff permission to serve an amended complaint within twenty days, upon payment of the costs of the motion and of this appeal, and as so modified the judgment is affirmed, with costs.