THEODORE HAEBLER, Respondent, *v.* GILBERT H. CRAWFORD, as Sole Permanent Receiver of the ROLAND STEEL CO., INC., Appellant.

First Department, April 10, 1931.

*Harold E. Lippincott* of counsel [*Richard Steel* and *Albert G. Avery* with him on the brief], for the appellant.

*Eugene Cohn*, for the respondent.

McAvoy, J.   This action was brought to rescind, on the ground of fraud, an oral agreement made with a representative of the corporation, whereby the plaintiff agreed to subscribe to 100 shares of preferred stock in the corporation of the par value of $10,000, and to recover (a) the sum of $2,000 alleged to have been paid by the plaintiff pursuant to said agreement, together with interest and costs, and (b) the further sum of $500, plaintiff's costs in proving certain facts pursuant to section 323 of the Civil Practice Act which were not conceded by defendant.

Defendant interposed in his amended answer a counterclaim in this action to recover the balance of $8,000 due on plaintiff's signed stock subscription to $10,000 of preferred shares, together with interest thereon from February 28, 1926.

In November, 1925, the stockholders of the Roland Steel Co., Inc., met and increased the authorized capital of that corporation to $1,000,000, viz., from 1,000 to 10,000 shares of preferred stock having a par value of $100 each, and from 3,000 shares of common stock having a par value of $100 each to 45,000 shares of common stock having no par value.

The sale of these new preferred shares was managed by one Rudolf Bergman, assisted by one Oscar Von Bernuth, a stock salesman.   Von Bernuth had been a friend of Mr. Haebler, the plaintiff, for approximately twenty years, and had sold him stock from time to time.

Von Bernuth solicited the plaintiff for several weeks to buy

some of the new preferred shares in the Roland Steel Co., Inc. He told Haebler that the corporation was doing a profitable business; that it owned a ball-bearing plant at Danbury, Conn., which paid all expenses and dividends and that the corporation had the exclusive agency in this country for the Thyssen Steel Works of Germany for the sale of seamless steel tubing or pipes from which an " enormous business " was expected with the large oil companies. He said that many prominent German American business men were all large stockholders in the corporation, all of whom were known to Haebler either personally or by reputation.

On November 28, 1925, plaintiff called with Von Bernuth at the office of the company and met Mr. Bergman, the treasurer of the company, and Haebler told Bergman what Von Bernuth had said. Bergman confirmed Von Bernuth's statements.

Haebler then wrote out a check to the order of the corporation for $2,000 and delivered it to Bergman, together with a signed stock subscription which stated: " I hereby subscribe to 100 shares of 8% Cumulative Preferred Stock in the Roland Steel Co., Inc., at One Hundred (100) Dollars (Par) per share, and herewith hand you my check of $2,000.00 on account payment for same. * * *.

" It is understood that a bonus of two shares of Common Stock will be issued to me with each share of Preferred Stock."

A conversation followed, during the course of which the Thyssen Agency contract was discussed, and thereafter Haebler wrote on his subscription: " Balance to be paid on or before Feby. 28th, 1926. I to have the option to cancel $5,000 subscription if I so decide."

Plaintiff informed Bergman that he would not subscribe for the stock until he knew that the Thyssen contract had been renewed. Plaintiff contends that he permitted Bergman to retain the subscription form and the check, but it was not to be delivered to the company until plaintiff and Bergman had further conversation about it.

Haebler, plaintiff, said that Bergman promised to hold the paper until the company had the Thyssen Agency contract.

The $2,000 check was deposited at once in the regular bank account of the corporation, and went through in due course and was received back by Haebler in his canceled vouchers for the month of November, some time in the month of December.

After receiving the canceled check back Haebler said that he thought the transaction " was irregular," but he did nothing about it as he " was in a hurry " at the time.

Nothing further was done by plaintiff until August 2, 1926, when he wrote the following letter to the corporation: " I have

since been informed that parts of the dividends paid were not earned as represented to me, but were paid out of the capital and under these circumstances I prefer to withdraw my subscription and ask you for the return of the $2,000 paid to you."

This action was commenced on November 26, 1926, against the Roland Steel Co., Inc., as the sole defendant. Defendant corporation interposed an answer making general denial, and containing no counterclaim. An amended answer was served in April, 1927, containing a counterclaim for $8,000 balance on plaintiff's written subscription for $10,000 of that defendant's stock. On December 5, 1929, the permanent receiver was substituted for the corporation as the defendant in the action brought by Haebler. The pleadings, however, remain unchanged.

The cause of action of the defendant is not conditioned upon the fulfillment of Haebler's oral agreement with Bergman, for that agreement is absolutely void as against the corporation or its permanent receiver. Each subscriber to capital stock is a coadventurer with his associates. He is entitled to rely on the fact that all subscriptions are identical in their terms and executed without secret or collateral privileges or agreements of release. Furthermore, these subscriptions upon their execution immediately become assets of the corporation, and in an action upon a subscription, admission of evidence of a secret release or a conditional delivery to defeat the liability of the subscriber would be recognized proof of fraud upon the creditors and stockholders of the corporation. (*Yonkers Gazette Co.* v. *Jones*, 30 App. Div. 316; *Meyer* v. *Blair*, 109 N. Y. 600.)

Haebler's liability as a stock subscriber became fixed on November 28, 1925. His collateral oral agreement, as to holding the subscription and check in escrow, was null and void. The privilege of cancellation which he subsequently inserted during the interview is likewise void. Furthermore, he never did decide to cancel $5,000 either before or after February 28, 1926, although he knew that in any event on that date his contract would become operative for the full amount unless he so decided.

Plaintiff moved to dismiss defendant's counterclaim, on the grounds (1) that there had been no proof of a tender of shares of common stock; (2) that a demand had not been made upon respondent, and (3) that "no offer of the issue of common stock" was proved. However, in an action on a stock subscription it is unnecessary to prove a tender. (*Mills* v. *Friedman*, 111 Misc. 253; affd., *sub nom. Mills* v. *McNamee*, 194 App. Div. 932; affd., 233 N. Y. 517.) The appointment of the defendant as permanent receiver of the corporation to collect and administer its assets was in itself

a demand upon respondent. Furthermore, a demand is not a necessary condition precedent to sustaining defendant's cause of action on the subscription.

The offer of issue of common shares was competently established.

Aside from the fact that the oral agreement was void, plaintiff failed to establish the falsity of any representations made by or in behalf of the Roland Steel Co., Inc. Haebler conditioned his agreement to subscribe upon the corporation getting a renewal of the Thyssen contracts. This contract was obtained prior to February 28, 1926.

The trial court committed reversible error in admitting in evidence reports showing the financial condition of the corporation made three years after plaintiff instituted his cause of action for rescission.

Plaintiff demanded that defendant admit, pursuant to section 323 of the Civil Practice Act (1) that the corporation had paid dividends in July and October, 1925, out of capital and not out of earnings or surplus, and (2) that it " was not the owner of a plant for the manufacture of ball bearings." As the defendant corporation was in fact the owner of a plant for the manufacture of ball bearings at Brewster, N. Y., it could not admit the second demand. The trial court refused the evidence of defendant to show good faith in its refusal to concede that these dividends were illegally paid, and allowed plaintiff to tax $500 costs for accountant's fees to establishing these facts. It was error for the trial court to penalize defendant for refusing to concede respondent's cause of action.

A permanent receiver cannot confess judgment, and to concede the facts demanded would have been tantamount to a confession of judgment.

The judgment should be reversed, with costs, and judgment should be directed in favor of the defendant dismissing the complaint and granting judgment to the receiver in the sum of $8,000, with interest from February 28, 1926, upon his counterclaim, with costs.

Finch, P. J., Merrell, Martin and O'Malley, JJ., concur.

Judgment reversed, with costs, and judgment directed to be entered in favor of the defendant dismissing the complaint and granting judgment to the receiver in the sum of $8,000, with interest from February 28, 1926, upon his counterclaim, with costs. Settle order on notice, reversing findings inconsistent with this determination and containing such new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.