## (January 16, 1975)

■ DONALD S. FRANKOWSKI, Appellant, v. MARTIN T. PALERMO et al., Respondents. (Appeal No. 1.) — Order unanimously reversed, with costs, and summary judgment granted plaintiff in accordance with the following memorandum: A cash purchase of par value stock cannot be made under section 504 of the Business Corporation Law for less than par value (*Stone* v. *Young*, 210 App. Div. 303; 2 White, New York Corporations [13th ed.], par. 504.02). In determining whether full par value has been paid for the issuance of par value stock, the cancellation of a corporation debt is considered equivalent to a cash payment in the amount of the debt (*Veeder* v. *Mudgett*, 95 N. Y. 295, 315; 2 White, New York Corporations [13th ed.], par. 504.03). At a meeting of the board of directors on April 27, 1972 attended by defendants Palermo and Wylegala, the minutes signed by the secretary of D & M Fish Shoppe, Inc., state that a discussion was had concerning the payment of certain loans made by president Palermo to the corporation and a resolution was passed that the corporation issue to Palermo sufficient stock at the present day book value to convert Palermo's loan on the books of the corporation into a capital investment. The minutes further state that it was determined that 44 shares of the stock of the corporation be issued to Palermo and that the sum of $2,726 be added to the capital of the corporation as a capital investment of Palermo. The financial report incorporated into the minutes of the April 27 meeting lists total loans from Palermo to the corporation in the amount of $2,726. It appears from the minutes of the April 27 meeting that 44 shares of the stock of the corporation of the par value of $100 were issued to Palermo in exchange for the cancellation of the corporate debt in the amount of $2,726. Thus the minutes recite that Palermo paid $1,674 less than the $4,400 value of the 44 par value shares issued to him. Shares issued for less than par value are voidable at the option of other shareholders absent the intervention of third-party rights (*B. & C. Elec. Constr. Co.* v. *Owen*, 176 App. Div. 399, affd. 227 N. Y. 569). The minutes of the board of directors' meeting stating that $2,726 of corporate debt was canceled in favor of Palermo as consideration for the issuance of 44 shares of $100 par value stock constitute prima facie evidence of the facts stated in the minutes as to the transaction (Business Corporation Law, § 624, subd. [g]). Respondents Palermo et al. do not challenge such consideration as recited in the minutes and in such a circumstance they should be bound by the prima facie provisions of subdivision (g) of section 624 of the Business Corporation Law. Plaintiff is entitled to judgment directing cancellation of the shares issued to defendant Palermo at less than par value, which judgment should provide that: (1) The action of the board of directors in issuing 44 shares of $100 par value stock in D & M Fish Shoppe, Inc., in consideration of the cancellation of the corporate debt to Palermo in the amount of $2,726 be nullified. (2) The directors of the corporation be ordered to record in the books of the corporation the cancellation of the 44 shares. (3) The board of

directors be directed to call a stockholders meeting forthwith and no new shares be issued by the directors prior to such meeting. (Appeal from order of Erie Special Term denying motion for accelerated judgment.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

