DONALD W. BROOKS, D/B/A COUNTY SEED AND FEED v. MOUNT AIRY RAINBOW FARMS CENTER, INC.

No. 8015DC185

(Filed 16 September 1980)

Accounts § 1– purchase of seed on account – amount owed in dispute – summary judgment improper

In an action to recover on an account for seed sold to defendant, the trial court erred in entering summary judgment for plaintiff since (1) it could not be said that there were only latent doubts as to plaintiff's credibility in that glaring inconsistencies as to dates of payment, dates of service charge assessments and even the current outstanding balance existed between the exhibit plaintiff attached to his complaint and the exhibit he included with his affidavit supporting summary judgment; (2) defendant did introduce materials in his favor by which he claimed that all debts had been paid and that any balance remaining in the account was due solely to plaintiff's

failure to credit the account properly; and (3) the central theme in plaintiff's allegations was the existence of a debt, and the fact that defendant took numerous opportunities during the proceedings to deny the existence of any debt clearly indicated that a material fact, the debt itself, was indeed in dispute.

APPEAL by defendant from *Allen, Judge.* Judgment entered 29 November 1979 in District Court, ALAMANCE County. Heard in the Court of Appeals on 28 August 1980.

On 1 August 1979 plaintiff filed a verified complaint in Alamance County District Court alleging, *inter alia,* that defendant owed plaintiff the sum of $1,553.28 on an account for seed sold to defendant. Attached to the complaint was an itemized statement of the account that defendant allegedly had with plaintiff. Defendant answered 4 September 1979 denying the material portions of the complaint and filed a motion to dismiss pursuant to G.S. § 1A-1, Rule 12 (b)(6) stating that the sums purportedly owed plaintiff were "nothing more than service charges which have been added on top of service charges resulting from the failure of the plaintiff to credit the defendant's account at the time that the credits should have been made" and further that "[d]efendant owes plaintiff nothing ... ."

On 3 October 1979, defendant filed a request for admission of facts from plaintiff seeking to establish, *inter alia,* that defendant had sought several times to have plaintiff correct the account; that all charges remaining on the account were service charges; and that "defendant paid all sums due and owing plaintiff for all items other than service charges within thirty days of the date plaintiff made corrections to defendant's account." Plaintiff admitted that the charges remaining were finance and service charges, but denied that defendant had made requests for correction and that defendant had paid all outstanding sums.

Plaintiff moved for summary judgment on 9 October 1979. In a supporting affidavit, plaintiff incorporated the statement of the account attached to the complaint and further set out a second exhibit detailing the particulars of the account. The allegations of the affidavit were essentially those of the com-

plaint, except that the claimed outstanding balance was $1,341.92. Defendant's affidavit in response repeated the allegations defendant had earlier made in his answer, motion to dismiss, and request for admission. From summary judgment for plaintiff in the "sum of One Thousand Three Hundred Forty-One [Dollars] and Ninety-two Cents ($1,341.92), with interest continuing to accrue at the rate of One and One-half percent (1½%) per month upon the unpaid balance until paid in full from September 30, 1979," defendant appealed.

*No counsel for plaintiff appellee.*

*Max D. Ballinger, for the defendant appellant.*

HEDRICK, Judge.

The question presented on this appeal is whether the court erred in entering summary judgment for the plaintiff. A summary judgment must be granted, upon motion, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. § 1A-1, Rule 56(c). The party moving for summary judgment has the burden of establishing the lack of any triable issue of fact; his pleadings and papers must be carefully scrutinized and all inferences are to be resolved against him. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). *See also Baumann v. Smith*, 298 N.C. 778, 260 S.E. 2d 626 (1979).

Where, as here, the party with the burden of proof moves for summary judgment, a greater burden must be met. Summary judgment may be granted in favor of a party with the burden of proof, on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) where the opposing party has failed to introduce any materials in his favor, failed to point to specific areas of impeachment and contradiction, and failed to use G.S. § 1A-1, Rule 56(f); and (3) when summary judgment is otherwise appropriate. *Kidd v. Early, supra; see also Stroup Sheet Metal v. Heritage, Inc.*, 43 N.C. App. 27, 258 S.E. 2d 77 (1979).

Brooks v. Farms Center, Inc.

In the present case, plaintiff alleged in his complaint that defendant was indebted to it in the amount of $1,553.29 on an account for seed sold to defendant. Plaintiff attached to his complaint an exhibit of the account, indicating that the defendant owed a balance of $1,553.29. Defendant filed answer, and subsequent papers, denying that it owed plaintiff any amount because its account had been paid in full. Plaintiff supported his motion for summary judgment with an affidavit of Donald Brooks which merely reiterated the allegations of the complaint. He also filed in support of his motion an exhibit indicating that the balance due on the account was $1,341.92. In response to that motion, defendant filed an affidavit reiterating the denials in his answer and other papers and alleging that he "owes plaintiff nothing, that he paid his account in full, and that there are no sums due and owing to the plaintiff by the defendant."

We think that the record here demonstrates that there are genuine issues of material fact, and that plaintiff failed to carry his burden as required by *Kidd v. Early, supra*. First, it cannot be said that there are only latent doubts as to the credibility of the plaintiff, Donald Brooks. Glaring inconsistencies as to dates of payment, dates of service charge assessments, and even the current outstanding balance, exist between the exhibit he attached to his complaint and the exhibit he included with his affidavit supporting summary judgment. This obviously suggests that even plaintiff is uncertain as to the amount of the debt, and thus his statements concerning the debt are less credible. Second, defendant did introduce materials in his favor. His pleadings and papers repeatedly claimed that all debts had been paid, and he stated in his motion to dismiss that any balance remaining in the account was due solely to plaintiff's failure to credit the account properly. Also, in his affidavit against summary judgment, defendant pointed to the previously mentioned inconsistencies between plaintiff's exhibits. Finally, the central theme in plaintiff's allegations is the existence of a debt, and the fact that defendant took numerous opportunities during the proceedings to deny the existence of any debt, clearly indicates to us that a material fact — the debt itself — was indeed in dispute. Since summary judgment must be denied the party with the burden of proof if his opponent

submits affidavits and other supporting materials which cast doubt upon the existence of a material fact, or if such doubts are raised by the movant's own materials, *Kidd v. Early, supra,* we hold summary judgment for plaintiff was inappropriate.

Reversed and remanded.

Chief Judge MORRIS and Judge WEBB concur.