ALMOND GRADING COMPANY, A CORPORATION v. KENNETH D. SHAVER, SR., AND WIFE, BERTIE T. SHAVER

No. 8426SC858

(Filed 7 May 1985)

**Contracts § 21.2; Rules of Civil Procedure § 56.3— substantial performance—summary judgment on plaintiff's uncorroborated allegations improper**

Summary judgment should not have been entered for plaintiff on an action in which plaintiff alleged that it had substantially performed a grading contract but had not been paid because there was only plaintiff's uncorroborated assertion that the work which remained was negligible. There were genuine issues of fact as to whether plaintiff substantially performed and as to the amount plaintiff was entitled to recover for its performance.

APPEAL by defendants from *Saunders (Chase B.), Judge.* Judgment entered 1 June 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 April 1985.

On 19 February 1982, plaintiff filed a verified complaint in which it alleged that defendants owed plaintiff $8,993.10 plus interest at a rate of 1.5% per month from 23 November 1981 on a substantially performed grading contract. Defendants answered and counterclaimed, admitting the contract but claiming that plaintiff had failed to comply with its terms. Plaintiff replied, denying the counterclaim. On 30 January 1984 plaintiff, seeking to establish a *prima facie* case for breach of contract, served a request for admissions on defendants which they failed to answer. On 20 April 1984 plaintiff moved for summary judgment. Plaintiff supported its motion with the verified complaint, an affidavit by the president of plaintiff corporation reiterating the claims in the complaint, and the unanswered request for admissions. Defendants relied on their pleadings and the evidence supplied by plaintiff in opposing the motion for summary judgment. After a hearing on the motion the court granted summary judgment for the plaintiff in "the sum of $8,993.10 together with interest thereon at 18% per annum from the 23rd day of November, 1981 until the date of this Judgment and at 8% per annum thereafter . . ." from which defendants appealed.

*Newitt & Bruny, by Roger H. Bruny and John G. Newitt, Jr., for plaintiff, appellee.*

*Connelly, Karro, Blane & Sellers, by Seth H. Langson and Marshall H. Karro, for defendants, appellants.*

HEDRICK, Chief Judge.

The only question raised and argued on appeal is whether the trial court erred in entering summary judgment for plaintiff with respect to its claim against the defendant. No question is raised or argued as to the propriety of summary judgment for plaintiff in regard to defendants' counterclaim. Thus summary judgment for plaintiff as to defendants' counterclaim will be affirmed.

Summary judgment must be granted, upon motion, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The moving party has the burden of clearly establishing the lack of a

triable issue; his papers are carefully scrutinized and those of the opposing party indulgently regarded. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972). Should the moving party fail to carry his burden, the opposing party does not have to respond and summary judgment is not proper regardless of whether he responds. *Development Corp. v. James*, 300 N.C. 631, 268 S.E. 2d 205 (1980).

When the party with the burden of proof moves for summary judgment, a greater burden must be met. *Brooks v. Farms Center, Inc.*, 48 N.C. App. 726, 269 S.E. 2d 704 (1980).

> [S]ummary judgment may be granted for a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate.

*Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976).

In the present case, plaintiff asserted it was entitled to summary judgment because it had substantially performed the contract and yet had not been paid as agreed. Plaintiff's pleadings, affidavit and the requests for admissions all assert that the contract was *substantially*, not completely, performed. Although plaintiff states that the work which remained was negligible, we have only his bald assertion uncorroborated by any objective evidence or testimony. Even if we should accept as true all the claims made by plaintiff in support of his motion we are left with the question of whether the incomplete performance by the plaintiff was substantial performance of the contract. There also remains for the jury's determination the material question of the amount plaintiff is entitled to recover for the work done in performing the contract. These questions are genuine issues of material fact that can only be resolved by an objective trier of fact. Therefore, summary judgment for the plaintiff as to its claim against the defendant must be reversed. Finally, we note the court appears to have erroneously calculated the interest that plaintiff was entitled to recover.

Affirmed in part, reversed and remanded in part.

Judges WELLS and MARTIN concur.