Sloan v. InoLife Techs., Inc., 2018 NCBC 122.

STATE OF NORTH CAROLINA

FORSYTH COUNTY

BIZROBE TRUST, BY ITS TRUSTEE
DOUBLEBENT, LLC,

          Plaintiff,

v.

INOLIFE TECHNOLOGIES, INC.;
MANHATTAN TRANSFER
REGISTRAR COMPANY; MTRCO,
INC.; and JOHN CHARLES
AHEARN, III,

          Defendants.

-and-

INOLIFE TECHNOLOGIES, INC.,

          Third-Party
          Plaintiff,

v.

GARY BERTHOLD,

          Third-Party
          Defendant.

-and-

N3GU CAPITAL LTD.,

          Third-Party
          Plaintiff,

v.

GARY BERTHOLD,

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 306

**ORDER AND OPINION
ON PLAINTIFF BIZROBE
TRUST'S MOTION FOR
SUMMARY JUDGMENT**

Third-Party
Defendant.

-and-

GARY BERTHOLD,

Third-Party
Plaintiff,

v.

RANDALL LANHAM and 8687544
CANADA, INC.

Third-Party
Defendants.

1.     **THIS MATTER** is before the Court on Plaintiff Bizrobe Trust's ("Bizrobe")

Motion for Summary Judgment (the "Motion").   (ECF No. 72 ["Mot."].)   Having

considered the Motion, the briefs, and the arguments of counsel at a hearing on the

Motion, the Court **DENIES** the Motion.

*Norman L. Sloan, for Plaintiff.*

*Higgins Benjamin, PLLC, by Gilbert J. Andia, Jr., for Defendants.*

Robinson, Judge.

## I.     FACTUAL BACKGROUND

2.     The Court does not make findings of fact when ruling on motions for

summary judgment.  *E.g.*, *In re Estate of Pope*, 192 N.C. App. 321, 329, 666 S.E.2d

140, 147 (2008).   The following factual background, taken from the undisputed

evidence submitted in support of and in opposition to the Motion, is intended solely

to provide context for the Court's analysis and ruling.

3. Defendant InoLife Technologies, Inc. ("InoLife" or the "Corporation") is a New York corporation with its principle place of business in California. (Am. Compl. ¶ 8, ECF No. 24; Answer & Countercl. & Third-Party Claim ¶ 8, ECF No. 31 ["Answer"/ "Countercl. & Third-Party Compl."].)

4. Defendant Manhattan Transfer Registrar Company ("Manhattan Transfer") is a Colorado corporation with its principle place of business in Colorado. (Am. Compl. ¶ 9; Answer ¶ 9.) Several filings related to InoLife's stock appear on Manhattan Transfer's transaction journal. (*See, e.g.*, Aff. of Gary S. Berthold Exs. 5, M, ECF No. 74 ["Berthold Aff."].)

5. Defendant John Charles Ahearn, III ("Ahearn") is a citizen and resident of Boulder, Colorado and is affiliated with Manhattan Transfer. (Am. Compl. ¶ 11; Answer ¶ 11; *see* Berthold Aff. ¶ 8.)

6. Defendant MTRCO, Inc. was a Colorado corporation with its principal place of business in Colorado but was voluntarily dissolved on December 31, 2016. (*See* Am. Compl. ¶ 10; Answer ¶ 10.)

7. Third-Party Defendant/Plaintiff Gary S. Berthold ("Berthold") was the CEO and President of InoLife from November 2009 to February 29, 2016, when he resigned. (Berthold Aff. ¶ 3.) Berthold was formerly the majority shareholder of InoLife. (Aff. of Kenneth J. Beam ¶ 5, ECF No. 19.2 ["Beam Aff."]; Aff. of Randall J. Lanham ¶ 8, ECF Nos. 19.3, 19.5, 19.6 ["Lanham Aff."].)

8.    Bizrobe is purportedly a North Carolina trust.[1]  (Am. Compl. ¶ 7.)  Bizrobe's trustee, Doublebent, LLC, is a North Carolina limited liability company.  (Beam Aff. ¶ 20, Ex. 1.)

9.    On February 4, 2014, Berthold, as CEO of InoLife, filed a Certificate of Amendment of the Certificate of Incorporation of InoLife with the New York State Department of State Division of Corporations (the "Certificate of Amendment").  (Berthold Aff. Ex. 1 ["Certificate of Amendment"].)  The Certificate of Amendment, in pertinent part, designated a class of stock of InoLife as Series D Preferred Stock having 10,000,000 shares authorized at $0.00001 par value per share.  (Certificate of Amendment § 2(D)(1).)  The Certificate of Amendment further provided that:

> [e]ach share of SERIES D Preferred Stock shall be convertible, at any time, and/or from time to time, into the number of shares of the Corporation's Common Stock, par value $0.00001 per share, equal to the price of the SERIES D Preferred Stock, divided by the par value of the Common Stock, subject to adjustment as may be determined by the Board of Directors from time to time (the "Conversion Rate"). . . .  Such conversion shall be deemed to be effective on the business day (the "Conversion Date") following the receipt by the Corporation of written notice from the holder of the SERIES D Preferred Stock of the holder's intention to convert the shares of SERIES D Stock [sic], together with the holder's stock certificate or certificates evidencing the SERIES D Preferred Stock to be converted.

(Certificate of Amendment § 2(D)(4)(a).)

---

[1] The record evidence is unclear as to Bizrobe's status.  Bizrobe alleges that it is a North Carolina trust.  (Am. Compl. ¶ 7.)  Defendants, lacking knowledge or information as to Bizrobe's status, deny the allegation.  (Answer ¶ 8.)  The record otherwise lacks conclusive evidence as to when Bizrobe was created or its current status.  Defendants, however, contend that Bizrobe is owned or controlled by Berthold.  (Lanham Aff. ¶ 26.)  Regardless, Bizrobe's current status is not dispositive as to the Court's determination of the Motion.

10. The Certificate of Amendment further provided that "promptly after the Conversion Date, the Corporation shall issue and deliver to such holder a certificate or certificates for the number of full shares of Common Stock issuable to the holder pursuant to the holder's conversion of SERIES D Preferred Shares." (Certificate of Amendment § 2(D)(4)(b).) The price of each share of Series D Preferred Stock was set at $5.00 per share. (Certificate of Amendment § 2(D)(7)(a).) It is unclear who, if anyone, at the time the Certificate of Amendment was filed (February 4, 2014), held any of InoLife's Series D Preferred Stock, however, a December 21, 2015 InoLife account statement indicates that 10,000,000 of the shares were issued to Berthold on January 27, 2015, and that he continued to hold the shares as of December 21, 2015. (Berthold Aff. Ex. 4.)

11. On January 12, 2016, Ahearn and Manhattan Transfer received from Berthold an Irrevocable Stock or Bond Power, dated December 16, 2015, which stated that, "[f]or [v]alue [r]eceived," Berthold "does . . . hereby sell, assign, and transfer to" Bizrobe "10,000,000 Series D Preferred Shares in Gary S. Berthold [sic] name[.]" (Aff. Berthold Ex. 5, at 1, 2.) Additionally, a February 29, 2016 Manhattan Transfer transaction journal entry shows a transfer on that date from Berthold to Bizrobe of 10,000,000 shares of InoLife Series D Preferred Stock with certificate number PD 2. (*See* Aff. Berthold Ex. 5, at 3; *see also* Aff. Berthold Ex. M.)

12. On October 18, 2016, Norman L. Sloan, on behalf of Bizrobe as its attorney, requested in writing to Michael G. Wright, then-CEO of InoLife, and Ahearn, that InoLife convert 10,000,000 shares of its Series D Preferred Stock into

5,000,000,000,000 shares of InoLife common stock. (Berthold Aff. Ex. 8.) The request for conversion does not reference any certificates held by Bizrobe for the Series D Preferred Stock nor does it attach the certificate denominated "PD 2" on the February 29, 2016 Manhattan Transfer transaction journal entry. (*See* Berthold Aff. Ex. 8.) Ten days later, on October 28, 2016, Lanham, as InoLife's attorney, responded and denied Bizrobe's request, stating that InoLife "does not have records of Bizrobe . . . as a shareholder . . .[,] there is no valid issuance of Preferred Series D Stock, and we confirm that there are no Preferred Series D issued and[/]or outstanding." (Berthold Aff. Ex. 9.)

## II. PROCEDURAL BACKGROUND

13. The procedural history of this action is complex. The Court sets forth only that procedural background relevant to the Motion.

14. Bizrobe, along with Plaintiffs Norman L. Sloan ("Sloan"), John T. Root ("Root"), Candance A. Trumbull ("Trumbull"), Nick Plessas ("Plessas"), Candance Wernick ("Wernick"), and Woneeya Thundering Hawk ("Thundering Hawk") (collectively, "Plaintiffs"), initiated this action by filing the Complaint on January 17, 2017.[2] (ECF No. 1 ["Compl."].)

---

[2] Bizrobe is the only remaining plaintiff in this action. Plessas filed a notice of voluntary dismissal with prejudice on March 13, 2017. (ECF No. 26.) Following the death of Sloan, the Court granted the Estate of Norman L. Sloan's ("Estate of Sloan") motion to substitute as a party plaintiff for Sloan. (ECF No. 106.) On August 2, 2017, the Estate of Sloan, Root, Trumbull, Wernick, and Thundering Hawk voluntarily dismissed with prejudice their claims against Defendants, and InoLife voluntarily dismissed with prejudice its counterclaims against Trumbull. (ECF No. 116.)

15. The Complaint sought a declaration ordering Defendants to convert certain shares of InoLife preferred stock to InoLife common stock and issue such shares of common stock to Plaintiffs along with stock certificates. (Compl. ¶ 34.) The Complaint also requested a temporary restraining order and preliminary injunction preventing Defendants from interfering with or harming Plaintiffs' stock ownership in InoLife during the course of this litigation. (Compl. ¶ 11.)

16. This case was designated as a mandatory complex business case by order of the Chief Justice of the Supreme Court of North Carolina dated January 19, 2017, (ECF No. 4), and assigned to the undersigned on the same day by order of then-Chief Business Court Judge James L. Gale, (ECF No. 5).

17. Following a hearing on February 3, 2017, the Court denied Plaintiffs' motion for preliminary injunction on February 9, 2017. (Order on Pls.' Mot. for Prelim. Injunction ¶ 41, ECF No. 21 ["Order"].) The Court concluded that Plaintiffs had failed to show a likelihood of success on their claim for declaratory judgment because, *inter alia*, the unauthenticated exhibits submitted in support of the motion for preliminary injunction were devoid of evidence (1) that Plaintiffs paid any consideration for their purported shares of InoLife stock; (2) that Plaintiffs produced to InoLife their stock certificates evidencing their shares of InoLife stock when making their request for conversion of such shares; and (3) that InoLife's shares are uncertificated. (Order ¶¶ 34–38; *see* Order ¶¶ 16, 18–19.)

18. On March 7, 2017, Plaintiffs filed their Amended Complaint, as of right, pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure ("Rule(s)"),

again asserting the claim for declaratory judgment, along with several other claims not at issue on this Motion. (*See* Am. Compl. 10–15.)

19. On April 6, 2017, Defendants filed their Answer and Counterclaim and Third-Party Claim, denying the allegations and asserting counterclaims against Trumbull for fraud, unjust enrichment, and conspiracy. (*See* Countercl. & Third-Party Compl. 20–22.) InoLife also asserts third-party claims against Berthold, including a claim for breach of fiduciary duty and constructive fraud, alleging that, *inter alia*, Berthold "purport[ed] to issue stock to himself and to others for insufficient consideration and improper purposes[.]" (Countercl. & Third-Party Compl. ¶ 67.)

20. Bizrobe filed the Motion on November 16, 2017, seeking summary judgment in its favor on its claim for declaratory judgment.

21. On February 19, 2018, the Court stayed all proceedings in this action for sixty days upon learning that Sloan, who also served as counsel for all Plaintiffs, had died the previous day. (ECF No. 97.) Since Sloan's death, no counsel has made an appearance on behalf of Bizrobe (or Doublebent), and counsel for the remaining parties have informed the Court they do not represent Bizrobe.

22. The Court held a hearing on the Motion on September 18, 2018, at which Defendants were represented by counsel.[3] Although Defendants' counsel served the

---

[3] At the hearing on the Motion, Defendants' counsel orally moved for summary judgment in favor of Defendants, based on the pleadings and record, pursuant to N.C. Gen. Stat. § 1A-1, Rule 56(c). Defendants made no such argument in their brief in opposition to the Motion, nor did they file a separate motion to that effect with the Court prior to the hearing. Rule 7.2 of the General Rules of Practice and Procedure for the North Carolina Business Court ("BCR") requires that "[a]ll motions must be made in electronic form and must be accompanied by a brief (except for those motions listed in Rule 7.10)." Motions pursuant to Rule 56 are not among those listed in BCR 7.10. At the hearing, the Court denied Defendants'

Notice of Hearing on Bizrobe and its trustee, Doublebent, (ECF No. 121), no counsel made an appearance for either of those entities at the September 18 hearing.

23.    The Motion is ripe for determination.

## III.   LEGAL STANDARD

24.    Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). "A 'genuine issue' is one that can be maintained by substantial evidence." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000).

25.    The moving party bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Hensley v. Nat'l Freight Transp., Inc.*, 193 N.C. App 561, 563, 668 S.E.2d 349, 351 (2008). "Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784–85, 534 S.E.2d 660, 664 (2000). The Court must view the evidence in the light most favorable to the nonmovant. *See Dobson*, 352 N.C. at 83, 530 S.E.2d at 835. However, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading, but [its] response,

---

oral motion without prejudice to Defendants' ability to file such a motion in accordance with the BCRs. As of the date of this Order and Opinion, Defendants have not filed any such motion.

by affidavits or as otherwise provided in this [R]ule, must set forth specific facts showing that there is a genuine issue for trial. If [the nonmovant] does not so respond, summary judgment, if appropriate, shall be entered against [the nonmovant]." N.C. Gen. Stat. § 1A-1, Rule 56(e).

26. Where, as here, "the party with the burden of proof moves for summary judgment, a greater burden must be met." *Almond Grading Co. v. Shaver*, 74 N.C. App. 576, 578, 329 S.E.2d 417, 418 (1985). The movant "must show that there are no genuine issues of fact, that there are no gaps in [the movant's] his proof, that no inferences inconsistent with [the movant's] recovery arise from the evidence, and that there is no standard that must be applied to the facts by the jury." *Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, 721, 329 S.E.2d 728, 729 (1985); *see also Kidd v. Early*, 289 N.C. 343, 370, 222 S.E.2d 392, 410 (1976) (same). For that reason, it is "rarely . . . proper to enter summary judgment in favor of the party with the burden of proof." *Blackwell v. Massey*, 69 N.C. App. 240, 243, 316 S.E.2d 350, 352 (1984).

## IV. ANALYSIS

27. Bizrobe seeks an order from the Court as follows:

> (a) [d]eclaring that . . . [InoLife], [Manhattan Transfer], MTRCO, and [Ahearn], individually, and as President of [Manhattan Transfer] to [sic] make the conversion of the . . . Series D preferred Shares of stock[;] and[]

> (b) [t]hat such shares be issued to [Bizrobe], . . . as paper stock certificates for common shares of [InoLife] stock, and provide [sic] these stock certificates for common shares of [InoLife], and any digitizing of the shares, to [Bizrobe], in accordance with [its] ownership interest[.][4]

---

[4] Although Bizrobe seeks a judicial declaration as to all Defendants, (Am. Compl. ¶ 42), it moves for summary judgment only against InoLife, (Mot. 1).

(Am. Compl. ¶ 42.)

28.     Under the North Carolina Declaratory Judgment Act (the "Act"), "[a]ny person . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the . . . statute, ordinance, contract or franchise, and obtain a declaration of rights, status, or other legal relations thereunder."  N.C. Gen. Stat. § 1-254.  "The purpose of the [Act] is to settle and afford relief from uncertainty concerning rights, status and other legal relations . . . ."  *N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 446, 206 S.E.2d 178, 186 (1974).  A court may render judgment declaring the rights and liabilities of the respective parties, and affording relief to which the parties are entitled under the judgment, when: (1) "a real controversy exists between or among the parties"; (2) "such controversy arises out of [the parties'] opposing contentions"; and (3) the parties "have or may have legal rights, or are or may be under legal liabilities [that] are involved in the controversy, and may be determined by a judgment or decree in the action[.]"  *Id.* at 449, 206 S.E.2d at 188.

29.     "North Carolina courts have held that summary judgment is an appropriate procedure in an action for declaratory judgment."  *Medearis v. Trs. of Meyers Park Baptist Church*, 148 N.C. App. 1, 4, 558 S.E.2d 199, 202 (2001) (citing *Frank H. Conner Co. v. Spanish Inns Charlotte*, 294 N.C. 661, 676, 242 S.E.2d 785, 794 (1978); *Montgomery v. Hinton*, 45 N.C. App. 271, 273, 262 S.E.2d 697, 698 (1980)).  "Summary judgment may be entered upon the motion of either the plaintiff or the defendant

under Rule 56 . . ., and the Rule applies in an action for declaratory judgment." *Bellefonte Underwriters Ins. Co. v. Alfa Aviation, Inc.*, 61 N.C. App. 544, 547, 300 S.E.2d 877, 879 (1983) (citing *Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 42 (1972)); *see also Hejl v. Hood, Hargett & Assocs.*, 196 N.C. App. 299, 302–03, 674 S.E.2d 425, 427–28 (2009) (same).

30. InoLife is a New York corporation. (Am. Compl. ¶ 8; Answer ¶ 8.) Accordingly, pursuant to the internal affairs doctrine, New York law applies to Bizrobe's claim that it is entitled to conversion of its Series D Preferred Stock into common stock, and the parties do not argue otherwise. *See Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 680, 657 S.E.2d 55, 63 (2008) ("The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs—matter peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders—because otherwise a corporation could be faced with conflicting demands." (quoting *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982))).

31. Bizrobe contends that the evidence of record—the books and records of InoLife and Manhattan Transfer—shows that there is no genuine dispute as to Bizrobe's ownership of the 10,000,000 shares of InoLife Series D Preferred Stock. (Br. Supp. Pl.'s Mot. for Summ. J. 9, ECF No. 73 ["Br. Supp."].) Specifically, Bizrobe argues that the fact that it has not put before the Court stock certificates for the Series D Preferred Stock does not preclude summary judgment in its favor because, under New York law, the "stock books and books of account" of InoLife are

"presumptive evidence" of Bizrobe's ownership of the shares. (Br. Supp. 10 (quoting *Davis v. Fraser*, 121 N.E.2d 406, 409 (N.Y. 1954)).) Accordingly, Bizrobe contends, it is entitled as a matter of law to a judgment requiring conversion by InoLife of Bizrobe's Series D Preferred Stock into shares of InoLife common stock in accordance with the Certificate of Amendment. (Br. Supp. 11–12.)

32. Defendants respond that Bizrobe has failed to meet its burden of showing the absence of a genuine issue of material fact as to its entitlement to the declaration it seeks for the same reasons the Court denied the motion for preliminary injunction. (Mem. L. Opp'n to Pl.'s Mot. for Summ. J. 5–6, ECF No. 98 ["Mem. Opp'n"]; *see* Order ¶¶ 34–38.) Defendants contend that Bizrobe has put forward no evidence that the shares of Series D Preferred Stock were issued to Berthold or transferred by Berthold to Bizrobe for "good and sufficient consideration"; that Bizrobe submitted certificates evidencing its Series D Preferred Stock when requesting conversion, as required by the Certificate of Amendment; and that InoLife adopted a resolution allowing the Series D Preferred Stock to be uncertificated. (Mem. Opp'n 6–8.)

33. Regarding Bizrobe's ownership of the Series D Preferred Stock, Bizrobe's argument misses the mark. As Defendants correctly point out, the issue is "not whether [InoLife's or Manhattan Transfer's] records show that Bizrobe . . . has 10,000,000 [shares] of Series D Preferred [Stock] 'on the books[,]'" but, rather, it is whether the shares were issued to Berthold, and then transferred to Bizrobe, for good and sufficient consideration. (Mem. Opp'n 6.) Under New York law, consideration, whether in the form of money, other property, or services, is required for the issuance

of shares of a corporation. N.Y. Bus. Corp. § 504(a); *see Heisler v. Gingras*, 687 N.E.2d 1342, 1344 (N.Y. 1997); *KNET, Inc. v. Ruocco*, 45 N.Y.S.3d 126, 128 (N.Y. App. Div. 2016). The consideration for par value stock cannot be less than the stock's par value. N.Y. Bus. Corp. § 504(c); *see Frankowski v. Palermo*, 363 N.Y.S.2d 159, 160 (N.Y. App. Div. 1975). Furthermore, certificates for par value shares may not be issued until consideration equal to the par value of such shares is received. *See* N.Y. Bus. Corp. §§ 504(h).

34. Here, there is no evidence in the record before the Court that the shares of Series D Preferred Stock purportedly issued to Berthold were issued for consideration equaling not less than the par value of the shares. Indeed, none of the exhibits attached in support of the Motion indicate for what consideration, if any, the shares were issued to Berthold such that he could have properly transferred them to Bizrobe. The evidence suggests only that 10,000,000 shares of InoLife Series D Preferred Stock were issued to Berthold on January 27, 2015, that he continued to hold the shares as of December 21, 2015, and then attempted to transfer them to Bizrobe on February 29, 2016. (Berthold Aff. Exs. 4, 5, at 3, M; s*ee also* Lanham Aff. ¶ 36.)

35. Furthermore, even if Bizrobe's evidence conclusively established that it owned shares of InoLife Series D Preferred Stock that were issued for sufficient consideration, Bizrobe must also show that it complied with the requirements for conversion of those shares to common stock. The Certificate of Amendment states that a holder of InoLife Series D Preferred Stock may request conversion by written notice "of the holder's intention to convert the shares" to common stock, "*together with*

*the holder's stock certificate or certificates evidencing the SERIES D Preferred Stock to be converted."* (Certificate of Amendment § 2(D)(4)(a) (emphasis added).) Moreover, under New York law, "[t]he shares of a corporation shall be represented by certificates or shall be uncertificated shares." N.Y. Bus. Corp. § 508(a). A corporation's board of directors may provide by resolution that a class or series of its shares shall be uncertificated shares. *Id.* § 508(f).

36. Although the attempted February 29, 2016 transfer of shares to Bizrobe references a certificate number PD 2, there is no evidence in the record before the Court that, when making its request for conversion, Bizrobe produced to InoLife any stock certificate evidencing the shares of Series D Preferred Stock to be converted. Bizrobe implicitly admits that it does not possess such certificates. (*See* Br. Supp. 9–10; *see also* Lanham Aff. ¶ 36.) Furthermore, there is nothing in the record before the Court that shows the Board of Directors ever adopted a resolution providing that InoLife's Series D Preferred Stock shall be uncertificated shares. Accordingly, Bizrobe has not shown that its request for conversion was in compliance with the Certificate of Amendment.

37. To carry its burden on a motion for summary judgment on a claim for which Bizrobe bears the burden of proof, Bizrobe must show that "there are no genuine issues of fact, [and] that there are no gaps in [its] proof[.]" *Parks Chevrolet*, 74 N.C. App. at 721, 329 S.E.2d at 729; *see Kidd*, 289 N.C. at 370, 222 S.E.2d at 410. Bizrobe has failed to do so. The evidence Bizrobe submitted in support of the Motion fails to prove essential elements of its claim for declaratory judgment. In the Court's order

denying the motion for preliminary injunction, the Court pointed out the evidentiary deficiencies relating to Bizrobe's claim for declaratory judgment. (*See* Order ¶¶ 34–38.) Yet, the evidence submitted in support of the Motion is essentially the same evidence Bizrobe submitted in support of its motion for preliminary injunction. (*See* Order ¶¶ 34–38.) Where the evidence of record is insufficient to support the issuance of a preliminary injunction on the element of likelihood of success on the merits, it is, *a fortiori*, insufficient to support a grant of summary judgment in favor of a party on its own claim. *See Lohrman v. Iredell Mem'l Hosp., Inc.*, 174 N.C. App. 63, 75, 620 S.E.2d 258, 265 (2005) ("The burden of proof required to support a preliminary injunction is less than that required for a motion for summary judgment[.]").

38.     Therefore, the Motion must be denied.

## V.     CONCLUSION

**THEREFORE**, for the reasons stated herein, the Motion is **DENIED**.


        **SO ORDERED**, this the 30th day of November, 2018.


                        /s/ Michael L. Robinson
                        _____
                        Michael L. Robinson
                        Special Superior Court Judge
                          for Complex Business Cases